# 448TH DISTRICT COURT
# CASE SUMMARY
## CASE NO. 2011-DCV03923

| | | |
|---|---|---|
| Jose Perez vs Russell Transport | § | Location: **448th District Court** |
| | § | Judicial Officer: **Larsen, Susan** |
| | § | Filed on: **09/22/2011** |
| | § | |

---

## CASE INFORMATION

Case Type: **Wrongful Termination**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2011-DCV03923 |
| Court | 448th District Court |
| Date Assigned | 09/22/2011 |
| Judicial Officer | Larsen, Susan |

---

## PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Perez, Jose** | **DAVIE, ROGER** |
| | | *Retained* |
| | | 915-838-1100(W) |
| | | |
| **Defendant** | **Russell Transport** | **HOWARD, GERALD G** |
| | | *Retained* |
| | | 915-533-4424(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/22/2011 | 🔍 Interrogatories and Request for Production <br> *first set/Request for Admissions, request for Disclosure, and Request for Production/ scr* | |
| 09/22/2011 | 🔍 Case Information Sheet <br> *mr* | |
| 09/22/2011 | 🔍 Original Petition | |
| 09/26/2011 | **Citation** <br> 🔍 Russell Transport <br> Served: 09/30/2011 | |
| 10/21/2011 | 🔍 Answer <br> Party: Defendant Russell Transport <br> *DEF/ ATTY GERALD G. HOWARD/ DA* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

| | | |
|---|---|---|
| **Plaintiff Perez, Jose** | | |
| Total Charges | | 270.00 |
| Total Payments and Credits | | 270.00 |
| **Balance Due as of 10/26/2011** | | **0.00** |

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **2011 DCV 03923** COURT *(FOR CLERK USE ONLY)*: **448th**

STYLED: <u>JOSE PEREZ V. RUSSELL TRANSPORT, INC.</u>
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact Information for person completing case information sheet: | | Names of Parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Roger C. Davie | Email:<br><br>rogerdavie@rogerdavie.com | Plaintiff(s)/Petitioner(s):<br><br>Jose Perez | ■ Attorney for Plaintiff/Petitioner<br>□ Pro se Plaintiff/Petitioner<br>□ Title IV-D Agency<br>□ Other: _____ |
| Address:<br><br>1801 N. Stanton | Telephone:<br><br>(915) 838-1100 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>El Paso, Texas 79902 | Fax:<br><br>(915) 532-8777 | Defendant(s)/Respondent(s):<br><br>Russell Transport, Inc. | Custodial Parent:<br>_____<br><br>Non-Custodial Parent:<br>_____ |
| Signature:<br><br>*Roger Davie* | State Bar No.<br><br>05449300 | [Attach additional page as necessary to list all parties] | Presumed Father:<br>_____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>□ Consumer/DTPA<br>□ Debt/Contract<br>□ Fraud/Misrepresentation<br>□ Other Debt/Contract | □ Assault/Battery<br>□ Construction<br>□ Defamation<br>*Malpractice*<br>□ Accounting<br>□ Legal<br>□ Medical<br>□ Other Professional<br>Liability: | □ Eminent Domain/<br>Condemnation<br>□ Partition<br>□ Quiet Title<br>□ Trespass to Try Title<br>□ Other Property | □ Annulment<br>□ Declare Marriage Void<br>*Divorce*<br>□ With Children<br>□ No Children | □ Enforcement<br>□ Modification—Custody<br>□ Modification—Other |
| *Foreclosure*<br>□ Home Equity-Expedited<br>□ Other Foreclosure<br>□ Franchise<br>□ Insurance<br>□ Landlord/Tenant<br>□ Non-competition<br>□ Partnership<br>□ Other Contract:<br>_____ | □ Motor Vehicle Accident<br>□ Premises<br>*Product Liability*<br>□ Asbestos/Silica<br>□ Other Product Liability<br>List Product:<br><br>□ Other Injury or Damage:<br>_____ | **Related to Criminal Matters**<br>□ Expunction<br>□ Judgment Nisi<br>□ Non-Disclosure<br>□ Seizure/Forfeiture<br>□ Writ of Habeas Corpus—<br>Pre-indictment<br>□ Other: _____ | **Other Family Law**<br>□ Enforce Foreign<br>Judgment<br>□ Habeas Corpus<br>□ Name Change<br>□ Protective Order<br>□ Removal of Disabilities<br>of Minority<br>□ Other: | **Title IV-D**<br>□ Enforcement/Modification<br>□ Paternity<br>□ Reciprocals (UIFSA)<br>□ Support Order<br><br>**Parent-Child Relationship**<br>□ Adoption/Adoption with<br>Termination<br>□ Child Protection<br>□ Child Support<br>□ Custody or Visitation<br>□ Gestational Parenting<br>□ Grandparent Access<br>□ Parentage/Paternity<br>□ Termination of Parental<br>Rights<br>□ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ■ Discrimination<br>□ Retaliation<br>□ Termination<br>□ Workers' Competition<br>□ Other Employment:<br>_____ | □ Administrative Appeal<br>□ Antitrust/Unfair<br>Competition<br>□ Code Violations<br>□ Foreign Judgment<br>□ Intellectual Property | □ Lawyer Discipline<br>□ Perpetuate Testimony<br>□ Securities/Stock<br>□ Tortious Interference<br>□ Other: _____ | | |
| **Tax** | *Probate & Mental Health* | | | |
| □ Tax Appraisal<br>□ Tax Delinquency<br>□ Other Tax | Probate/Wills/Intestate Administration<br>□ Dependent Administration<br>□ Independent Administration<br>□ Other Estate Proceedings | | □ Guardianship—Adult<br>□ Guardianship—Minor<br>□ Mental Health<br>□ Other: _____ | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| □ Appeal from Municipal or Justice Court<br>□ Arbitration-related<br>□ Attachment<br>□ Bill of Review<br>□ Certiorari<br>□ Class Action | □ Declaratory Judgment<br>□ Garnishment<br>□ Interpleader<br>□ License<br>□ Mandamus<br>□ Post-Judgment | □ Prejudgment Remedy<br>□ Protective Order<br>□ Receiver<br>□ Sequestration<br>□ Temporary Restraining Order/Injunction<br>□ Turnover |

IN THE ___448th___ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW NUMBER ___
EL PASO COUNTY, TEXAS

2011 SEP 22  PM 5 05

EL PASO COUNTY TEXAS

BY _____

DEPUTY

JOSE PEREZ,

§
§
§
§
PLAINTIFF,          §
§
VS.                 §      CAUSE NO.: 2011DCV03923
§
RUSSELL TRANSPORT, INC.,   §
§
§
DEFENDANT.          §
§

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, JOSE PEREZ, PLAINTIFF, by and through the attorney of record for Plaintiff, Roger C. Davie of Roger Davie, P.C., and files this, Plaintiff's Original Petition, and for cause of action would show the Court as follows:

### DISCOVERY CONTROL PLAN

1.     Discovery will be conducted under Level III of Rule §190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### PARTIES TO THIS ACTION

2.     Plaintiff resides in El Paso County, Texas.

3.     Defendant Russell Transport, Inc. is a Texas corporation doing regular and systematic business in the State of Texas.  Said defendant may be served with process by serving its registered agent Rami Abdeljaber at 155 N. San Marcial, El Paso, Texas 79905.

<u>**JURISDICTION AND VENUE**</u>

4.     Venue is proper in El Paso County, Texas because the incident made the subject matter of this lawsuit occurred in El Paso County, Texas.

<u>**FACTS**</u>

5.     Plaintiff started working for Defendant on January 14, 2004.

6.     Plaintiff was employed as a local driver for Defendant.

7.     Plaintiff regularly worked more than forty hours per week, sometimes as many as sixty per week.

8.     Plaintiff rarely had an opportunity to take a lunch break where he was not instructed to continue driving and working.

9.     On a regular basis, nearly the whole time, Defendant would tell Plaintiff to take a lunch break but continue to drive and work and just eat at the same time.

10.     However, Defendant would consider Plaintiff to not be clocked in, and as such, Defendant did not pay Plaintiff for this "lunch break."

11.     Essentially, Defendant required Plaintiff to work and did not pay him for his time.

12.     Plaintiff complained several times to his dispatchers and supervisors on a regular basis that it was unfair that Defendant did not did allow Plaintiff to take a full lunch hour, required him to continue driving and working, and considered him to be clocked out and not pay him.

13.     The last time, but not the first time, Plaintiff complained about this illegal act was to Paula Carrasco on or about August 29, 2011 at his "lunch time."

14.    Another time, but not the first time, Plaintiff complained about this illegal act was to Omero Delgado, an operations manager, a few days before he complained to Paula Carrasco.

15.    Another time he complained was to Tony Pastrana, an operations manager, before Integrated came on board with Defendant.

16.    He would be told in response several times that Defendant would pay him later for the "lunch time" where he actually worked.

17.    Defendant had knowledge that Plaintiff was asserting his right to be paid for the time he worked.

18.    Defendant never did pay Plaintiff for his "lunch time" as promised.

19.    Omero Delgado, the operations manager, terminated Plaintiff on September 2, 2011.

20.    On or about September 2, 2011, Plaintiff was terminated from his employment with Defendant.

21.    Plaintiff would show that he complained to his supervisors about the failure to properly pay his wages and his employer terminated him in violation of Section 29 U.S.C. Sec 215(a)(3).

### CAUSE OF ACTION

22.    Plaintiff brings this action under the Fair Labor Standards Act for failure to pay Plaintiff his wages, and for retaliating against and terminating Plaintiff for complaining about the failure to pay Plaintiff.

## DAMAGES

23.     As a direct and proximate result of the negligent acts as described above, Plaintiff

suffered:

a.     Lost wages;

b.     Mental anguish in the past and future;

c.     Punitive damages;

d.     Liquidated damages in an equal amount of the unpaid overtime and minimum wages;

e.     Attorneys fees; and

f.     Other damages;

24.     Plaintiff seeks compensation in whatever amount the Jury determines to be fair

and reasonable based upon the evidence, and in an amount that is within the jurisdictional

limits of this Court.

25.     The actions of Defendant were of the type and kind that should result in an award

of punitive damages against Defendant.

## JURY REQUEST

26.     Plaintiff requests a Trial by Jury on all issues as set forth herein.

## PRAYER

27.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant

be cited to appear and answer, and that on final trial, judgment be entered against

Defendant for all relief requested as follows:

a.     Judgment against Defendant for actual damages in an amount that is within the jurisdictional limits of this Court;

b.     Pre and post-judgment interest, as described by law, until paid;

c.     Costs of suit;

d.    Attorneys fees;

e.    Punitive damages; and

f.    Such other and further relief, general and special, at law or at equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ROGER DAVIE, P.C.**
1801 N. Stanton
El Paso, Texas 79902
(915) 838-1100
Fax (915) 532-8777

By:  _____

**ROGER C. DAVIE**
State Bar No.: 05449300

**ORIGINAL**

IN THE _448_ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW NUMBER _____
EL PASO COUNTY, TEXAS

JOSE PEREZ,                          §
                                     §
                                     §
        PLAINTIFF,                   §
                                     §
VS.                                  §    CAUSE NO.: 2011DCV03923
                                     §
RUSSELL TRANSPORT, INC.,             §
                                     §
                                     §
        DEFENDANT.                   §

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR ADMISSIONS, REQUEST FOR DISCLOSURE AND REQUESTS FOR PRODUCTION TO DEFENDANT RUSSELL TRANSPORT, INC.

---

To:   Defendant Russell Transport, Inc., by and through its registered agent Rami Abdeljaber at 155 N. San Marcial, El Paso, Texas 79905.

Comes Now, Jose Perez, Plaintiff, by and through his attorney of record, Roger C. Davie of Roger Davie, P.C. and pursuant to TEXAS RULES OF CIVIL PROCEDURE Rules 197, 194.2, 198, and 196 serves these First Set of Interrogatories, Requests for Disclosure, Requests for Admission and Requests for Production upon you, the answers to which shall be made by you, separately and fully, in writing, and under oath. The responses to these discovery requests, together with all documents requested, shall be served upon the undersigned counsel of record for the Plaintiff within **fifty-one (51)** days after the service hereof upon you. Remember that you have the ongoing duty to amend and supplement your answers and responses hereto should those answers or responses become false or inaccurate given the discovery of information that was not available to you at the time you made your answers and responses hereto.

---

## DEFINITIONS AND INSTRUCTIONS

(1)   As used herein, the terms "you" and "your," as used herein and unless explicitly stated otherwise, shall mean you and your employees, agents, and all other natural persons or business or legal entities acting on your behalf.

(2)   The term "Subject Incident," as used herein, refers to the occurrence that makes the basis of the suit.  The occurrence is more fully described in Plaintiff's Petition in "Facts."

(3)   The term "Subject Damages," as used herein, shall mean the damages Plaintiff claims were incurred as a direct and proximate result of the Subject Incident. These damages were described in Plaintiff's Petition, and the same are incorporated fully herein as if stated verbatim.

(4)   The term "document," as used herein, shall be used to broadly describe information, data, or imagery that has been recorded in any form (e.g., paper, magnetic tape, magnetic disk, optical disk, USB flash drive, signs, placards, banners, tablets, etc.).

(5)   When termination of employment is referenced in a request herein, it shall mean the termination of employment between Plaintiff and Defendant, which is made the basis of the suit, unless it is explicitly noted otherwise.


## INTERROGATORIES

**INTERROGATORY NO. 1:**
Please identify yourself by stating your name, address, telephone number, date of birth, driver's license number and the state in which it was issued, and your social security number.

**ANSWER:**

**INTERROGATORY NO. 2:**
Have you been sued under the correct name?  If yes, please so state.  If not, please provide your full and correct name, address, and telephone number, and the identity of your registered agent or the person or entity who is authorized to receive service of process.

**ANSWER:**

**INTERROGATORY NO. 3:**

Describe any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of judgment that may be entered into the action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name and address of the person or entity insured, the name and address of the insurer, the limits of applicable coverage and the amounts of any applicable deductibles or self-insured retentions. If any of the applicable insurance policies are aggregate limit policies, please state the applicable limits, whether any claims applicable to such limits have been made, the name, address and phone number of the plaintiff(s) and his/her attorney(s) and the amount reserved on such claim, state whether any sums have been paid, and if so, state the amount paid, and state the last date upon which a claim can be made against such aggregate limit. Further, please state whether or not notice of the incident was given, and whether or not a non-waiver agreement, reservation or rights letter, or any other document or agreement regarding coverage has been signed by or sent or communication to you.

**ANSWER:**

**INTERROGATORY NO. 4:**

State the name, address, telephone number, area of expertise, and the subject matter upon which you consulted any experts whose mental impressions or opinions have been or will be reviewed by any of your testifying experts in connection with the lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:**

Please state the reason(s) why you terminated Plaintiff's employment.

**ANSWER:**

**INTERROGATORY NO. 6:**

For each instance you warned or disciplined Plaintiff due to a failure on his part to perform his duties, please state the date the warning or discipline occurred, the individual(s) who issued the warning or discipline, and a brief description of the nature of the warning or discipline.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please list every person who had authority to terminate Plaintiff's employment and state if such individual(s) did in fact terminate Plaintiff's employment.

**ANSWER:**

**INTERROGATORY NO. 8:**
Describe what your policy is for allowing employees like Plaintiff to take a lunch, and your policy for paying them for this time when you ask them to work during that time.

**ANSWER:**

**INTERROGATORY NO. 9:**
State who made the decision to terminate Plaintiff, and state when was the decision made and when Plaintiff's employment ended with you.

**ANSWER:**

**INTERROGATORY NO. 10:**
Please describe what Plaintiff's job duties and what his job title(s) were during his employment.

**ANSWER:**

**INTERROGATORY NO. 11:**
How many times had Plaintiff been formally disciplined or reprimanded during his employment with you?  For each instance, please state the date, generally describe the actions of Plaintiff that warranted the disciplinary action or reprimand, and identify the individuals involved in the disciplinary action or reprimand (e.g., the manager issuing the disciplinary action or reprimand and the other employees connected with the disciplinary action or reprimand, if any).

**ANSWER:**

**INTERROGATORY NO. 12:**
Please describe any procedures that you generally follow before you terminate an employee that were in effect for the time period Plaintiff was working for you.

**ANSWER:**

**INTERROGATORY NO. 13:**
Please state your policy for the payment of wages to your employees in effect between January 14, 2004 and September 2, 2011.

**ANSWER:**

**INTERROGATORY NO. 14:**
Have you had any complaints against you made to the Department of Labor for failure to pay overtime wages by any of your employees in the last five years?  If so, identify the individual who made the complaint and the outcome of the complaint.

**ANSWER:**

**INTERROGATORY NO. 15:**
Describe your policy for handling complaints by employees about not being paid for work done on a lunch break.

**ANSWER:**

**INTERROGATORY NO. 16:**
Do you have records that accurately show when Plaintiff was working (i.e., actually doing work in the course and scope of employment with you) while he was employed by you?

**ANSWER:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**
You have been sued by your correct name.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
You have been sued in the correct capacity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Venue is proper in the county in which the Petition was filed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
The Court has proper jurisdiction for all matters brought to issue by the Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Plaintiff was terminated on or about the date as set forth within the petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Began working for you in January 2004.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
On a frequent basis you would tell Plaintiff to continue working through his lunch time.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
You never paid Plaintiff for any time you told him to use as a lunch break.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Plaintiff complained to his dispatchers and managers about you requiring him to work during his lunch break.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
You told Plaintiff that you would later compensate him for time he worked on his lunch break.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
You terminated Plaintiff on September 2, 2011.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Plaintiff had complained to you several times that he was not being paid for his lunch time before you fired him.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Plaintiff had complained to you several times that he was not allowed to stop working during his lunch break before you fired him.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Plaintiff had complained to you several times before you fired him that you had not paid Plaintiff for the work he did on his lunch breaks after you told him that you would later compensate him.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
True, correct, and complete copies of any and all Depositions upon Written Questions taken of any records custodian in connection with the lawsuit, together with any and all documents that were:

     (1) produced by the witness;
     (2) marked as exhibits to the deposition; or
     (3) provided to the witness by the deposition officer.

Please supplement your response to the request as necessary throughout the course of the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
All photographs or video footage of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Written notice of your intention to use any evidence of prior convictions of felonies or crimes of moral turpitude against Plaintiff or any person identified by Plaintiff as a person with knowledge of relevant facts or his expert witnesses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
All evidence of prior convictions of felonies or crimes of moral turpitude relating to Plaintiff or any person identified by Plaintiff as a person with knowledge of relevant facts or his expert witnesses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
The materials described by Fed. R. Civ. P. §26(a)(2) regarding any consulting experts of yours whose mental impressions or opinions have been or will be reviewed by any of your testifying experts in connection with the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
A copy of any document that you will proffer as evidence at the trial of the case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**
A copy of Plaintiff's personnel file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**
A copy of any employment-related disciplinary action filed against Plaintiff prior to the date of Plaintiff's termination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**
Any and all documents that substantiate any contention(s) of yours that Plaintiff violated company rules, regulations, or policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**
A copy of any document generated as a result of Plaintiff violating any company rules, regulations, or policies, if any.  The request specifically includes any write-ups, referral to a supervisor, or otherwise employment-related disciplinary action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
Copies of any of Plaintiff's performance evaluations prior to the date of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Copies of Plaintiff's attendance records.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Copies of Plaintiff's payroll records.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
Copies of your employee handbook.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Your human resources policies and procedures.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Your payroll policies and procedures.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
Copies of all pamphlets and brochures from the Department of Labor that you keep in your business records and files concerning employment practices and payroll practices in general (i.e., this request is not seeking any documents given to you by the DOL as a result of any investigation or any action/non-action on your part specifically).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Copies of all investigation records and documents you have received from the Department of Labor as a result of any complaint about any non-cooperation with the Fair Labor Standards Act within the last two years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
All business records and internal communication within the last five years before Plaintiff filed this lawsuit concerning your policy about requiring employees to work through their lunch.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
All business records and internal communication within the last five years before Plaintiff filed this lawsuit concerning Plaintiff's complaints to you about not getting paid for work performed at lunch and not being allowed to stop working during his lunch.

**RESPONSE:**

Respectfully submitted,

**ROGER DAVIE, P.C.**
1801 N. Stanton
El Paso, Texas 79902
(915) 838-1100
Fax (915) 532-8777

By: _____

**ROGER C. DAVIE**
State Bar No.: 05449300

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **Russell Transport, Inc.,** who may be served with process by serving its registered agent **Rami Abdeljaber, at 155 N San Marcial,  El Paso, TX  79905 or wherever he/she may be found.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 22nd day of September, 2011, by Attorney at Law ROGER DAVIE, 1801 N STANTON, EL PASO, TX  79902 in this case numbered **2011-DCV03923** on the docket of said court, and styled:

Jose Perez vs Russell Transport, Inc.

The nature of Petitioner's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, First set of Interrogatories, Request for Admissions, Request for Disclosure, and Request for Production accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 26th day of September, 2011.

CLERK OF THE COURT

**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: _____ NORMA L. FAVELA _____ District Clerk
El Paso County, Texas

By _____ , Deputy
S. Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."

## SHERIFF'S RETURN

Came on hand on ___26___ day of ___September___, 20_11_, at _1:30_ o'clock
_A_.M., and executed in ___El Paso___ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the
following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| Russell Transport Inc C/O Registered Agent Rami Abdeljaber | Sept | 30 | 2011 | 3:00 | pm | | 12365 Pine Springs El Paso, Texas 79928 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____    _____ Sheriff

                                                    _____ County, Texas

Total _____ $ _____   By _____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _Russell Transport Inc C/O Registered Agent_
_Rami Abdeljaber AT 12365 Pine Springs El Paso Texas 79928_ on the _30_ day of
_September_,
20_11_, at _3:00_ o'clock _P_ m. this copy of this instrument.

                        _Victoria Hanna SCH3857_, ~~Sheriff~~

                        _El Paso_ County, Texas

                        By _Victoria Hanna_, ~~Deputy~~

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _14th_ DAY OF _October_,
20_11_.

(SEAL)

NOTARY PUBLIC, STATE OF TEXAS

ROY DAVIS
Notary Public, State of Texas
My Commission Expires
May 09, 2012

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **Russell Transport, Inc.,**  who may be served with process by serving its registered agent **Rami Abdeljaber, at 155 N San Marcial,  El Paso, TX  79905 or wherever he/she may be found.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 22nd day of September, 2011, by Attorney at Law ROGER DAVIE, 1801 N STANTON, EL PASO, TX  79902 in this case numbered **2011-DCV03923** on the docket of said court, and styled:

Jose Perez vs Russell Transport, Inc.

The nature of Petitioner's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, First set of Interrogatories, Request for Admissions, Request for Disclosure, and Request for Production accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 26th day of September, 2011.

CLERK OF THE COURT

**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: _____NORMA L. FAVELA_____ District Clerk
El Paso County, Texas

By _____, Deputy
S. Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

## SHERIFF'S RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the
following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|-----|------|------|-----|-----|-----|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____  _____ Sheriff

_____  _____ County, Texas

Total _____ $ _____  By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of

_____,

20_____, at ____ _____o'clock ____m. this copy of this instrument.

_____, Sheriff

_____County, Texas

By _____, Deputy

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____,**

**20_____.**

(SEAL)

_____

**NOTARY PUBLIC, STATE OF TEXAS**

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
448th JUDICIAL DISTRICT

JOSE PEREZ,                              )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        NO. 2011-DCV-03923
                                         )
RUSSELL TRANSPORT, INC.,                 )
                                         )
                                         )
        Defendant.                       )

## DEFENDANT'S SPECIAL EXCEPTIONS AND ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

Defendant Russell Transport, Inc. ("Defendant") answers Plaintiff Jose Perez' Original
Petition as follows:

### I. SPECIAL EXCEPTIONS

1.      Defendant specially excepts to the entire Original Petition because Plaintiff fails to
allege the maximum amount of recovery sought. Pursuant to TEX. R. CIV. P. 47, Defendant requests
that Plaintiff be required to amend his pleadings to state the maximum amount of damages he is
claiming in this lawsuit.

### II. GENERAL DENIAL

2.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all of
the allegations in Plaintiff's Original Petition.

3.      Defendant reserves the right to either amend or supplement this Answer at a later date
in these proceedings.

98888.88888/GHOW/PLEA-1/1130273.1                    1

### III. AFFIRMATIVE DEFENSES

4.      Plaintiff has failed to state a claim against Defendant.

5.      Plaintiff's claims are time-barred.

6.      Plaintiff has waived each and every claim asserted in his Original Petition.

7.      Plaintiff is estopped from pursuing his claims against Defendant.

8.      Plaintiff was an employee at will and his employment could be terminated for any reason or no reason.

9.      Defendant has made good faith efforts to comply with the Fair Labor Standards Act and all other federal and state laws.

10.     All conduct with respect to Plaintiff was at all times reasonable.

11.     All employment actions taken with respect to Plaintiff were based upon job-related factors and were consistent with business necessity.

12.     All employment actions taken with respect to Plaintiff were justified and/or privileged.

13.     All employment actions taken with respect to Plaintiff were taken for legitimate, nondiscriminatory business related reasons and not because of any protected activity of Plaintiff.

14.     Any employment action taken by Defendant would have been taken in the absence of any impermissible factor.

15.     Defendant had in place reasonable procedures to prevent and correct discrimination and Plaintiff unreasonably failed to take advantage of those measures.

16.     Plaintiff has failed to mitigate his damages.

17.     Plaintiff's damages, if any, resulted Plaintiff's own acts or omissions and not because of any act or omission of Defendant.

18.     Plaintiff's claims for lost wages must be offset by any interim earnings of Plaintiff.

19.     Plaintiff's mental anguish and punitive damages claims should be dismissed because Plaintiff cannot recover such damages under the Fair Labor Standards Act.

Accordingly, Defendant requests that Plaintiff's Original Petition be dismissed with prejudice or that judgment be entered in its favor and that it be awarded any other relief to which it is entitled.

Respectfully submitted,

KEMP SMITH LLP
221 North Kansas
El Paso, Texas  79901
915.533.4424
915.546.5360 (FAX)

By: _____

GERALD G. HOWARD
State Bar No. 24032309

Attorneys for Defendant
Russell Transport, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was mailed by certified mail, return receipt requested to attorney for Plaintiff, Roger C. Davie, Roger Davie, P.C., 1801 N. Stanton, El Paso, Texas 79902 this 21 day of October, 2011.

_____

GERALD G. HOWARD